IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAMES M. SOWDERS                                                                              PLAINTIFF

v.                                             Case No. 6:15-CV-06033

AMY MARTIN, JAIL                                                                              DEFENDANT
ADMINISTRATOR

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff James Sowders filed this case *pro se* pursuant to 42 U.S.C. § 1983 on April 9, 2015. ECF No. 1. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

Plaintiff is currently incarcerated in the Department of Community Correction ("DCC") Southwest Arkansas Community Correction Center ("SWCCC"). Plaintiff alleges he was originally incarcerated in the Hot Springs County Jail ("HSCJ") on a probation revocation. ECF No. 1, p. 4. He alleges his knee swelled to the size of a cantaloupe on February 9, or February 10, 2015. He alleges he was refused medical treatment and "they refused to sign my request forms." ECF No. 1, p. 5. He attaches several medical request forms dated February 10, 11, and 12 of 2015. ECF 1, pp. 11-16. He alleges he received treatment for gout when he went to SWCCC and the swelling went

down. ECF No. 1, p. 10. He alleges he cannot remember the names of the guards who refused to sign his forms, but is sure the Court can get a roster of their names. Plaintiff appears to have written notes on the request forms trying to identify who refused. The name for one officer is listed as Savage on February 11, 2015. ECF No. 1, p. 13. The name for one other officer is listed as Burnett on February 10, 2015. ECF No. 1, p. 11. He listed a badge number for a female guard of "132 or 136" on February 11, 2015. ECF No. 1, p. 14.

He further alleges he was transported from HSCJ to SWCCC. On that unspecified date, he alleges Defendant Martin told him his personal belongings would be taken back to HSCJ so his family could come and get them. He alleges that HSCJ "can't seem to find my belongings." ECF No. 1, p. 5. The items he lists as missing include:

- one phone worth approximately $25.00
- new work boots worth approximately $100.00
- new pair of designer Levi's worth approximately $100.00
- one western shirt worth approximately $45.00
- one pair of socks and thermals worth approximately $30.00
- one leather jacket worth approximately $250.00
- approximately $50.00 on his commissary book

ECF No. 1, p. 6.

Plaintiff proceeds against Defendant Martin in both her official and personal capacity. ECF No. 1, p. 4. Plaintiff seeks compensatory and punitive damages. ECF No. 1, p. 5.

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune

2

from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

Plaintiff has failed to state any cognizable claims against Defendant Martin.

First, Plaintiff failed to allege any facts to support an official capacity claim against Defendant Martin. Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* the Eighth Circuit Court of Appeals ("Eighth Circuit") discussed the distinction between individual and official capacity suits. As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24–27, 112 S.Ct. at 361–62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25–27, 112 S.Ct. at 362.

*Gorman,* 152 F.3d 907, 914 (8th Cir.1998). "[R]igorous standards of culpability and causation must be applied to ensure that the [county] is not held liable solely for the actions of its employee" in cases where a plaintiff claims a county has caused an employee to violate the plaintiff's constitutional rights. *Board of County Commissioners, Oklahoma v. Brown,* 520 U.S. 397, 405 (1997).

In this case, Plaintiff failed to make any allegations about a custom or policy of Hot Springs County which resulted in the violation of his constitutional rights.

Second, Plaintiff's claim against Defendant Martin for denial of medical care and loss of personal property is barred by the doctrine of *respondeat superior*. A claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell v. Department of Social Services,* 436 U.S. 654, 694 (1978). "[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes,* 21 F.3d 277, 280 (8th Cir. 1994); *see also Keeper*, 130 F.3d at 1314 ("general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability"). "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout,* 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006)). In other words, Defendants cannot be held liable merely because they hold supervisory positions with a county.

In this case, Plaintiff made no allegations indicating Defendant Martin had any personal involvement in or awareness of his denial of medical care. Further, he makes no allegations that she herself was responsible for the loss of his possessions. Rather, he merely states she informed him that they would be returned to HSDJ. Defendant Martin may not be held liable for either of Plaintiff's claims solely because she is the jail administrator.[1]

Third, Plaintiff's allegations concerning his missing personal property do not rise to the level of a constitutional violation. Plaintiff does not allege the items were intentionally taken by Defendant Martin. Instead, he merely states "they can't seem to find my belongings." Based on Plainitff's

---

[1] The Court notes Plaintiff may have stated a facially valid claim for denial of medical care against the guards who refused to sign his medical requests. However, he did not list any John or Jane Doe guards as Defendants in this case.

4

allegations, her sole involvement with his personal property occurred when she told him the items would be returned to HSCJ. This allegation alone cannot support a claim against Defendant Martin. *See Sellers by and through Sellers v. Baer*, 28 F.3d 895, 902-03 (8th Cir.1994)(Inadvertence, negligence, or even gross negligence is insufficient to state a claim under § 1983). Further, even if the deprivation was intentional, Plaintiff has adequate post-deprivation remedies. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984)(intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available); *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994)(negligent or intentional deprivation of prisoner's property fails to state claim under § 1983 if state has adequate post-deprivation remedy); *Elliot v. Hurst*, 307 Ark. 134, 817 S.W.2d 877, 880 (1991)(cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right).

For the foregoing reasons, I recommend that Plaintiff's claims against Defendant Martin be **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this 7th day of April 2016

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

5